STEPHEN HAIGHT *vs.* RUSSEL RICHARDS and CYRUS BEEMAN.

When a prisoner is admitted to the oath prescribed for poor debtors, a certificate of the ~~same~~ st be delivered to the keeper of the jail; otherwise, the debtor cannot legally go at large.

And in a case where no such certificate was delivered to the jailer, and the debtor went at large, it was held that the conditions of the jail-bond which he had executed to the sheriff to secure him against an escape were broken, and that the oath and discharge was not a bar to an action on the bond.

It is not a compliance with the statute to deliver a certificate to the attorney of the sheriff, who is the creditor in the case, although the attorney may have previously served in the capacity of jailer.

This was an action of *debt* on a jail bond executed by *Russel Richards* to the sheriff of *Addison* county to secure him against an escape of *Richards* who was then confined in prison on an execution in favor of the plaintiff. It was tried in the county court on the following statement of facts agreed to by the parties :

"After the commitment of *Richards*, and before his departure from the liberties, he was admitted to the poor debtor's oath, and obtained his certificate. All the proceedings were regular and legal up to the signing and delivering of the certificates ; but one of the duplicate certificates was delivered to *Richards*, and the other, before his departure from the liberties, left with the person who had been deputy jailer, but who had ceased to be such. No certificate was delivered to the sheriff, or to the (then) acting jailer. The plaintiff was, during the whole proceedings, and at the time the certificate was left, the sheriff of *Addison* county, and, as such, keeper of the jail, and the person, with whom the certificate was left, as above stated, was the attorney of the plaintiff in the original suit in which the execution was issued, by virtue of which the commitment was made, and was also his attorney at the time of admitting *Richards* to the poor debtor's oath. The judgement set forth in the declaration, on which the execution issued, was rendered on a receipt for property attached by *Milton Stowell*, a deputy of the plaintiff, who was the prosecutor of that suit, as well as of this, and was ultimately responsible for the property."

On this statement of facts the court decided that the proceedings of the jail commissioners were no bar to the present action, by reason of no certificate having been left with the jailer, as directed by the statute, and rendered judgement for the plaintiff. The defendant excepted to the decision, and the case was reserved for the opinion of this Court.

*Doolittle & Phelps, for the defendants.*—1. The proceed-

ings being regular up to the granting of the certificate, the decision of the commissioners is *ipso facto* a discharge,

Haight
vs.
Richards et al.

and it is not necessary to protect the debtor that a certificate should be left with the jailer. It is no part of the prisoner's duty to deliver the certificate to the jailer. The statute makes it the duty of the commissioners, and the debtor, having duly obtained his discharge, should not be prejudiced by their neglect. The statute, in case a certificate is left, is imperative on the jailer to discharge the prisoner, and where the prisoner is within the walls of the prisor, perhaps the jailer could not be required to discharge him without a copy of the certificate. But when the prisoner is on bail, it is no breach of the bond to depart after obtaining the certificate. The object of leaving a certificate with the jailer is, *Firstly*, to compel him to discharge the prisoner, if in close custody, for which purpose it is unnecessary if he is upon bail; *Secondly*, to furnish a voucher to the jailer to protect him against the suit of the creditor. In the last point of view it is a mere matter of evidence, not essential to the prisoner's discharge.

2. But if the law requires a certificate to be left as a condition precedent to the discharge, still, we contend that the law was in this instance complied with. The creditor in the case was the jailer. A certificate delivered to him would certainly be sufficient, and a delivery to his attorney, who was, in relation to this demand, his authorized agent, is in law a delivery to him. It was sufficient notice to the jailer, and, if a voucher were necessary, would be sufficient for that purpose.

3. As the jailer was in this instance the creditor, he was, of course, notified of the prisoner's application for a discharge. He was also a party to the proceedings before the commissioners, and bound to take notice of the result. A copy of the certificate was not necessary either to give him notice, nor to obtain a discharge, as the prisoner was on bail. It certainly was not necessary for his protection, as for the custody of the prisoner in this instance he could be responsible to nobody.

The counsel cited the following authorities to show that the question under consideration had been settled by the Supreme Court. *Childs* vs. *Moore, et al,* 2 *Tyler,* 221.—*Brush* vs. *Robinson et al. do.* 358.—*Thornton* vs. *Robinson, Bray. Rep.* 199—*Smith et al.* vs. *Quinton, do.* 200.

*Bates and Chipman, for the plaintiff.*—The case presents two questions : 1. Was the delivery of the certificate to the jailer ne-

ADDISON,
January,
1830.

Haight
vs.
Richards et al.

cessary to enable the prisoner to depart from the liberties of the prison without a breach of the bond ?

The judgement of the commissioners does not discharge the prisoner. The statute provides that he shall be discharged by the sheriff upon delivery of the certificate, &c. The delivery of the certificate must obviously precede the discharge. The certificate is the legal evidence of the right to be discharged. *Stat.* 222.—*Staniford* vs. *Barry, Bray. Rep.* 200. A delivery of the certificate, after the departure, cannot avail. To say that the certificate may be delivered after the departure of the prisoner, is virtually to say, it need never be delivered. For, if the delivery of the certificate, the day after the departure of the prisoner, is a compliance with the law, then its delivery any number of days after would be equally good. The reasoning of the court in *Turner* vs. *Lowry*, 2 *Aik.* 72, forcibly applies to this case. But this point has often been decided. *Staniford* vs. *Barry, Bray. Rep.* 200.

2. Was the delivery of the certificate to *Waller*, the plaintiff's attorney of record, a compliance with the provisions of the statute ?

The case shows that *Haight* was a mere nominal plaintiff, having no interest in the demand, and that *Waller* was not *Haight's* attorney, but *Stowell's*, the man in interest; consequently, the delivery of the certificate to *Waller* can in no sense be regarded as a delivery to *Haight*. But, suppose *Haight* to have been the person in interest : the reception of the certificate is an official act which the attorney of *Haight*, for the collection of a debt, could no more perform than he could levy an execution.

The opinion of the Court was delivered by

PADDOCK, J.—The case shows, that the proceedings before the commissioners of jail delivery were all in conformity to the requirements of the statute ; so that the only point to be considered by the Court, and upon which the cause must turn, is the effect of the disposition of the certificates, after they were made out. The statute under which the commissioners acted, passed the 9th March, 1797, relating to jails and jailors, &c., after giving the form of the oath to be administered to the poor debtor, further provides : " Which oath or affirmation by said justices being administered to, and taken by, such prisoner ; they shall then make two certificates, in the form following, to wit ; [giving the form] The former of which certificates shall be delivered to the keeper of

ADDISON,
January,
1830.

Haight
vs.
Richards et al.

the jail, and the latter to the prisoner. And such prisoner, then satisfying the creditor or creditors for all charges, incurred in providing for his or her support in prison, and also the keeper of the jail for past charges, shall thereupon be discharged; and his or her body be thereafter exempt from execution for the same debt." The inquiry now is, has this requirement of the statute been complied with? Several cases have been cited by the defendants' counsel, in which they say, the question now under consideration must be considered as settled by the Supreme Court. Upon an examination of those cases, it will be seen that the defence in each rested upon different facts, and that they were determined upon principles entirely different from those which must govern the present. In the case of *Childs* vs. *Moore* and *Osgood*, 2 *Tyler*, 221, the irregularity which the plaintiff relied upon was in the citation which was issued by the justice. It appears that the sheriff was by said citation directed to summons the attorney of *Childs*, when it did not appear that *Childs* lived out of the state. And if not, the citation ought to have directed the service to have been made upon *Childs*, and not the attorney. The Court however, without deciding upon the defect in the process, were of opinion that the certificates, being regular upon the face of them, one having been delivered to the keeper of the jail, and the other to the prisoner before his departure from the liberties of the prison yard, were a sufficient bar to an action of debt on the prison bond against the bail. In the case of *Brush* vs. *Robinson*, *(p.* 358, *of the same vol.)* there was some defect in the proceedings before the court of jail delivery, (so called,) which is not set forth in the report; but the certificate, which was delivered the prisoner, was adjudged a sufficient bar to an action brought by the sheriff or his assignee upon the bail bond; the certificate for the keeper of the jail, not being called in question. The cases, *Adams* vs. *Mattocks*, *Thornton* vs. *Robinson*, and *Smith et al.* vs. *Quinton*, *reported in Brayton*, 199 *and* 200, all correspond with the cases cited from *Tyler* in support of the same principle. So that it may at this time be considered as settled, that where an imprisoned debtor applies to a court of jail commissioners, to be liberated, whatever exceptions there may be to the proceedings must be taken advantage of before the same court; and the certificates, when made and delivered as the law directs, will operate, when pleaded, a sufficient bar to a recovery, either against the sheriff if sued for an escape, or the judgement debtor or his bail, in a suit on the jail bond. There is much weight and force in the argument advan-

ced by the Court in the case of *Childs* vs. *Morse & Osgood*, and ADDISON,
*January,*
1830.

Haight
*vs.*
Richards et al. must satisfy any one who will examine it, of the ruinous situation into which the sheriff and the bail of the debtor are liable to be thrown, were the courts to decide otherwise. But the question raised in this case, not having arisen in either of the previous named decisions, has not been decided. From what we can gather from the brief report of the case *Staniford* vs. *Barry,* *(Bray.* 201*)* it would seem that, although the prisoner had been admitted to the poor debtor's oath, yet the plea said nothing of the certificates, and, on demurrer, was adjudged insufficient.

In this case, it appears that the certificate, intended for the keeper of the jail, was never delivered to him in person, or lodged at his office or jail house, but was delivered to a person who had previously served in the capacity of jailer, and was moreover the attorney of *Haight,* the plaintiff in that suit : but the certificate might as well have been delivered to any by-stander, as to one who had once been the keeper of the jail, but then displaced. And it does not avail the defendant any thing his having been the attorney who procured the judgement and execution for the creditor ; for he was not the attorney of the sheriff for the purpose of doing the duties of jail keeper. The sheriff had seen fit to discharge him from that office, and place another in his stead, and the delivering the certificate to him can be in no wise considered a compliance with the statute. It has been contended further that, as there were two certificates made out after the prisoner was admitted to take the poor debtor's oath, and one of them delivered to him before his departure from the liberties of the prison yard, such certificate would be a sufficient bar to an action on the bond, although the other were not lodged with the keeper of the jail, until after his departure. This position must certainly fail, or that part of the statute directing one of the certificates to be delivered to the keeper of the jail, must be treated as a nullity : for by the letter of the statute, it is made a prerequsite to the discharge of a prisoner, that one of the certificates be delivered to him, and the other to the keeper of the jail. It is an act to be performed, and as positively required, as that the oath should be administered, or the jailer's fees paid ; and as well, and better, might the oath be dispensed with after the commissioners had examined the prisoner and found and adjudged him a fit subject for it ; because, according to the decisions of the courts, no mischief could arise, either to the sheriff or the prisoner, if the certificates were legally made and delivered, as the previous doings of the commissioners are not to be looked into.

L

ADDISON,
January,
1830.

Haight
vs.
Richards et al.

There can be no doubt, that the condition of the bond is equally broken where the one or the other of the certificates failed of being delivered, as it is where neither are. The Court being satisfied that there was a breach of the condition of the bond in this case, the judgement of the county court must be affirmed.

Judgement affirmed.

*Bates & Chipman,* for plaintiff.
*Doolittle & Phelps,* for defendants.